# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM J. STRUTT, III, )
　　　　　　　　　　　　　） No. 16-1801
　　V.　　　　　　　　　　）
　　　　　　　　　　　　　）
NANCY A. BERRYHILL,
COMMISSIONER OF SOCIAL
SECURITY.

## SYNOPSIS

Plaintiff received supplemental social security benefits based on his disability as a child. Pursuant to a Redetermination/Continuing Disability review, Plaintiff's continued disability benefits were denied; that decision was upheld. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"), the ALJ determined that medical improvement had occurred, and Plaintiff was no longer disabled. The Appeals Council denied Plaintiff's request for review. Before the Court are the parties' cross-motions for summary judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

## OPINION

### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to

support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

**II. THE PARTIES' MOTIONS**

Plaintiff asserts that six exhibits are not referenced in the ALJ's opinion, and that the ALJ's failure to evaluate those records constitutes error. Further, Plaintiff argues that the ALJ erred at Step 2 of the sequential evaluation, when he failed to consider certain of Plaintiff's medical conditions to be severe impairments.

As to the first contention, "[t]here is no requirement that the ALJ discuss in his opinion every tidbit of evidence included in the record." Hur v. Barnhart, 94 F. App'x 130, 133 (3d Cir. 2004). "[T]he ALJ's mere failure to cite specific evidence does not establish that the ALJ failed to

consider it." Phillips v. Barnhart, 91 F. App'x 775, 780 (3d Cir. 2004). The ALJ's decision indicates that he considered the longitudinal record, including "records from 2012," and did so in the context of assessing Plaintiff's symptoms and conditions. Indeed, the decision itself evidences no reason to believe that the ALJ did not, in fact, consider the identified records. As to Plaintiff's second contention, so long as a claim is not denied at step two, any alleged error at that step is harmless. Bartmas v. Colvin, No. 15-854, 2016 U.S. Dist. LEXIS 75410, at **3-4 (W.D. Pa. June 9, 2016). For these reasons, Plaintiff's contentions must be rejected.

## CONCLUSION

For the foregoing reasons, I find no error in the ALJ's decision. Defendant's Motion will be granted, and Plaintiff's denied. An appropriate Order follows.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: October 5, 2017

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM J. STRUTT, III, | ) |
| | ) No. 16-1801 |
| V. | ) |
| | ) |
| NANCY A. BERRYHILL, COMMISSIONER OF SOCIAL SECURITY. | |

**ORDER**

AND NOW, this 5th day of October, 2017, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Summary Judgment is DENIED, and Defendant's GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court